474 F.2d 1351
 82 L.R.R.M. (BNA) 3035, 70 Lab.Cas. P 13,530
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
* National Labor Relations Board, Petitioner
v.
Associated Mills, Inc., Respondent.
 No. 71-1787.
 United States Court of Appeals, Seventh Circuit.
 March 7, 1973.
 
 1
 Before HASTINGS, Senior Circuit Judge, CAMPBELL, Senior District Judge,** and MORGAN, District Judge.**
 
 Order
 
 2
 We have for consideration the petition of the National Labor Relations Board (Board) for the enforcement of its order issued against respondent Associated Mills, Inc. (Company) on April 27, 1971. The Board's Decision and Order is reported at 190 NLRB No. 8.
 
 
 3
 The Company has a plant in Chicago, Illinois, employing about 100 employees and is engaged in the manufacture of humidifiers, massaging devices and other appliances. One of its employees was Jennifer Davis, a production line quality control leadgirl. She became dissatisfied with her wages in late 1969 and contacted Local 713, International Brotherhood of Electrical Workers, AFL-CIO (Union) in January 1970. She obtained authorization cards and began distributing them to fellow employees. She forwarded the signed cards to the Union, and on February 4, 1970, the Union petitioned the Board for an election, which was scheduled for the following April 17.
 
 
 4
 From the time they received notification of the election until the day the election was held on April 17, Company President Stern and other supervisory employees personally contacted and interviewed several employees, including Davis. Stern conducted two employee meetings at which he spoke about the Union and working conditions. Two weeks before the election Davis was awarded an admittedly overdue pay raise. Four days before the election Davis was transferred from her floor work to an office job away from the other employees "to keep her out of trouble."
 
 
 5
 The scheduled election was conducted by the Board. The Union lost by a vote of 52 to 41. Timely objections to the election and unfair labor practice charges were filed and consolidated by the Board for hearing by a trial examiner. A full evidentiary hearing was held.
 
 
 6
 The trial examiner found that the Company had violated Sec. 8(a)(1) of the National Labor Relations Act, as amended, 29 U.S.C.A. Sec. 151, et seq. (the Act), by engaging in coercive interrogation, soliciting and promising to adjust grievances and withholding Davis' wage increase. A panel of the Board approved the examiner's fact findings in all respects. The Board approved the Sec. 8(a)(1) violation finding, except that one member dissented from the finding that withholding Davis' pay raise constituted a violation.
 
 
 7
 Reversing the trial examiner, the Board further concluded that the Company violated Sec. 8(a)(1) by creating an impression of surveillance of employees' union activities and by unlawfully questioning and soliciting grievances of employee Canchola. The Board further concluded that the Company violated Secs. 8(a)(3) and (1) of the Act by discriminatorily transferring Davis to a post away from other employees and by subsequently discriminatorily refusing to reinstate her to the leadgirl position, so that her later resignation constituted a constructive discharge by the Company.
 
 
 8
 The Board entered an appropriate order that the Company cease and desist from engaging in the unfair labor practices found. Affirmatively, the Board ordered the Company to offer Davis reinstatement to her former position of quality control leadgirl, to make her whole on loss of pay and to post the usual notices.
 
 
 9
 The Board dismissed a number of other Sec. 8(a)(1) allegations and the Sec. 8(a)(3) allegations that two employees were discriminatorily laid off.
 
 
 10
 The Board also ordered that the April 17 election be set aside and that a second election be held. It agrees that this decision to set aside the election is not reviewable by our court in the instant unfair labor practice proceeding.
 
 
 11
 Upon review of the record before us, together with the briefs submitted by the parties and the oral argument we have heard, we find and conclude that substantial evidence on the record as a whole supports the Board's findings that the Company interfered with, restrained and coerced its employees in violation of Sec. 8(a)(1) of the Act and that the Company discriminatorily transferred and constructively discharged Jennifer Davis because of her union activities in violation of Sec. 8(a)(3) of the Act.
 
 
 12
 Having determined that the issues presented for our review are controlled by the substantial evidence rule and that the Board's findings are adequately supported, the remedy falls within the Board's discretion and will not be disturbed absent abuse of such discretion. We find no abuse here.
 
 
 13
 Upon the authority of the Board's Decision and Order the petition for enforcement of its order in full is granted.
 
 
 14
 Petition for Enforcement Granted.
 
 
 15
 MORGAN, District Judge.
 
 
 16
 I respectfully dissent. The record in this case convinces me that the Board has ignored Section 8(c) of the Act, and has gone further than in prior decisions to proscribe employer speech and action which can be thought of as coercive only because the Board says it is. It seems derogatory of employee intelligance.
 
 
 17
 I agree that the substantial evidence test is applicable here; but my review of the record, the briefs and the argument, and the foregoing Order of the majority here, leads me to the conclusion that there is not substantial evidence on the record as a whole to indicate interference, restraint or coercion of any employee, or constructive discharge of Davis. Accordingly, I would deny enforcement of the Board's order.
 
 
 
 *
 13-CA-9840; 190 NLRB No. 8
 
 
 **
 Honorable William J. Campbell, Senior District Judge, Northern District of Illinois and Honorable Robert D. Morgan, Chief Judge, Southern District of Illinois, are sitting by designation